UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AVIS S. JOHNSON | CIVIL ACTION |
| VERSUS | NO. 10-1631 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## ORDER ON MOTION

APPEARANCES:  None (on the record)

MOTION:  Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Record Doc. No. 14

O R D E R E D:

 XXX : DENIED.  Plaintiff, Avis S. Johnson, appearing pro se, brings this employment discrimination action against her former employer, Michael J. Astrue, the Commissioner of Social Security.  Defendant has moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1), arguing that Johnson failed to file suit within the required 90 days after she received a right-to-sue letter from the EEOC, thus depriving this court of subject matter jurisdiction.  42 U.S.C. § 2000e-16(c).

Defendant has presented evidence that the EEOC mailed the right-to-sue letter on February 18, 2010 to plaintiff's address and to defendant, and that defendant received his copy of the letter on February 22, 2010.  However, Johnson stated in her complaint that she did not receive the letter until after she called the EEOC on April 5 to inquire about the status of her complaint, and the EEOC sent her a copy on April 6, 2010.  Record Doc. No. 2, Complaint at pp. 5, 6, 8.  She reiterates this allegation in her memorandum in opposition to defendant's motion to dismiss.  Record Doc. No. 17, at pp. 9-10, 13-14.

Defendant argues that plaintiff's allegation of non-receipt is not credible and that the court should apply a presumption, which is stated in the letter itself (and supported

by Fifth Circuit case law), that she received the letter within five days of its mailing on February 18, 2010.

Plaintiff, as the party asserting subject matter jurisdiction, bears the burden of proof. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Vantage Trailers, Inc. v. Beall Corp., 567 F.3d 745, 748 (5th Cir. 2009). When deciding a motion to dismiss under Rule 12(b)(1), the court may weigh the evidence and resolve disputed fact issues, including making credibility determinations, and is not required to give a presumption of truthfulness to plaintiff's allegations. Id.; Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 34 (1st Cir. 2008); T.L. ex rel. Ingram v. U.S., 443 F.3d 956, 961 (8th Cir. 2006); Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). In the instant case, defendant's evidence establishes only that the EEOC mailed the right-to-sue letter to plaintiff and defendant on February 18, 2010. Nothing in the evidence undermines the credibility of plaintiff's assertion that she did not receive the letter until after she inquired on April 5 and the EEOC sent it to her again on April 6, 2010.

When the date of actual receipt of a right-to-sue letter is in the record, no presumption of a receipt date is necessary. Duron v. Albertson's, 560 F.3d 288, 290 (5th Cir. 2009). Based on the current record, it appears that Johnson timely filed this action within 90 days of her receipt of the letter.

New Orleans, Louisiana, this   19th   day of November, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE